UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:21cv61028

LEON HILBURN, individually,

    Plaintiff,
v.

WAL-MART STORES EAST, LP,
a foreign corporation,

    Defendant.
_____/

## WAL-MART STORES EAST, LP'S
## NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P. ("Walmart"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-20-021712, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.   FACTUAL BACKGROUND

1. On or about December 28, 2020, Plaintiff commenced an action by filing a Complaint, in the Seventeenth Judicial Circuit in and for Broward County, Florida. See Plaintiff's Initial Complaint, Exhibit A.

2. Plaintiff served the wrong defendant Walmart Inc. with the Complaint on March 17, 2021. See Return of Service of Summons, Exhibit B.

3. On April 6, 2021, Walmart Inc. filed its Motion to Dismiss because Plaintiff had named the wrong defendant. See Motion, Exhibit C.

4. On April 16, 2021, Plaintiff filed his Amended Complaint against Wal-Mart Stores East, LP. See Amended Complaint, Exhibit D.

5. Defendant filed its Answer and Affirmative Defenses to Amended Complaint on April 30, 2021. See Answer, Exhibit E.

6. Plaintiff alleges a claim for negligence against Walmart as a result of injuries he allegedly sustained on November 18, 2017 while at the Walmart store located at 7900 W. McNab Road, North Lauderdale, Florida 33068 ("Property"). See Amended Complaint at ¶ 3, ¶ 6.

7. Specifically, Plaintiff "slipped and fell on a rubber mat that had significant water underneath it (from a refrigeration cooler)." See Amended Complaint at ¶ 7.

8. On or after September 1, 2020, Plaintiff had served a demand on Defendant with medical records and medical bills amounting to $173, 139.32.

9. At the time filing the Amended Complaint, Plaintiff alleged he was a resident of Broward County, Florida. See Amended Complaint at ¶3.

10. Wal-Mart Stores East, LP, is a foreign Delaware corporation.

11. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

12. Walmart attaches hereto and makes a part of this notice a copy of the docket sheet from the Clerk of the Court in the 17th Judicial Circuit in and for Broward County, Florida.

13. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

14. In accordance with 28 U.S.C. § 1446(b)(1), Walmart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Amended Complaint, the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. Therefore, the thirty (30) day period commenced on April 16, 2021.

15. Venue exists in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed his state court Amended Complaint is located in Broward County Florida, which is located within the United States District Court for the Southern District of Florida, Ft Lauderdale Division.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

### A. Citizenship of Leon Hilburn

17. At the time Plaintiff filed his Amended Complaint, Plaintiff was a resident of Broward County, Florida.

18. "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

19. In addition, Plaintiff's medical bills and medical records indicate he is a resident of Florida.

### B. Citizenship of WAL-MART STORES EAST, L.P.

20. At the time of the alleged incident, and at the time of filing the Amended Complaint, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Amended Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as Ex. "B." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Amended Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Amended Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

filing the Amended Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Amended Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Amended Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities at the time of the incident and at the time of filing the Amended Complaint, (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Amended Complaint, Bentonville, Arkansas.

### IV. AMOUNT IN CONTROVERSY

21.     The amount in controversy exceeds $75,000.00.

22.     The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

23.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL

- 5 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).

24. Where like here, the jurisdictional amount is not facially apparent on the face of Plaintiff's Amended Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka,* 608 F.3d at 759; *Williams,* 269 F.3d at 1319; *see also, Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996)[1] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

25. Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. Thus, all that is required is that Walmart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

---

[1] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

26. Similarly, the Eleventh Circuit Court has held that responses to discovery, deposition transcripts, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

27. Here, Plaintiff's medical bills as produced by Plaintiff with his demand letter conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

28. Plaintiff's medical records received after September 1, 2020 and representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

29. Accordingly, Walmart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Walmart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this initial Notice of Removal,

- 7 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Walmart provided written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, of its Notice of Removal.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE-20-021712, on the docket of the Court for the Seventeenth Judicial Circuit in and for Broward County Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Broward Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

/s/ *Jackeline Rodriguez*
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Jackeline Rodriguez
Florida Bar No. 70435
jrodrigeuz@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: 305-379-3686
Facsimile: 305-379-3690
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/   *Jackeline Rodriguez*
Jackeline Rodriguez

## SERVICE LIST

James P. Gitkin, Esq.
Florida Bar No. 570001
Salpeter Gitkin, LLP
3864 Sheridan Street
Hollywood, Florida 33021
Telephone:   954-467-8622
Facsimile:   954-671-5687
Primary Email: jim@salpetergitkin.com
Secondary E-Mail: tina@salpetergitkin.com
*Counsel for Plaintiff*

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690